### THE F. W. VOSBURGH.

(District Court, E. D. New York. January 22, 1901.)

COLLISION—TOW AND GROUNDED BRIG—MUTUAL FAULT OF BRIG AND TUG.

A brig which had gone ashore in the Narrows was suddenly floated by the action of the wind, her sails having been trimmed with that object, and, going astern with the rising tide without any means of control, came in collision with a scow which was passing in tow of a tug, about 50 feet distant. The captain of the brig was the only person on deck at the time, no precaution had been taken to control her when she should come off, and no signal of danger was given to the approaching tug, nor was any attempt made to control her until too late to avert the collision. On the other hand, a proper lookout on the tug could have seen the brig, and understood her situation, and the tug could easily have passed at a safe distance. *Held*, that both vessels were in fault for the collision, and liable for the injury to the scow.

In Admiralty. In suit for collision.

Stewart & Macklin (Mr. Gove, of counsel), for libelants.
Carpenter & Park, for claimants.

THOMAS, District Judge. The brig Alice Bradshaw, laden, passing out through the Narrows, went ashore near Ft. Lafayette. Thereupon all the sails were lowered except the five square sails on the foreyards, which were backed, in the momentary expectation that the wind would set afloat the vessel thus trimmed. All persons aboard except the master went below for dinner, when suddenly, about 2 o'clock p. m., the brig was taken off shore on the flood tide; and, although this event was anticipated by the master, the brig went astern without any means of control, nor was any effort made to control her, except as herein stated. At this juncture the steam tug F. W. Vosburgh, with several mud scows, the first on a hawser of some 45 feet, going to sea, within 200 or 300 yards of the shore, passed about 50 feet astern of the brig, and as the brig continued to go astern, her port quarter came in collision with the port bow of the first scow, from which resulted the injury which is the subject of this action. When the vessel moved off, the master was the only person on deck, but shortly thereafter the other officers and crew

came on deck, but no means were taken to avert the collision until the captain, apprehending that it might happen, ordered the anchor to be let go, which was done. A proper lookout on the brig could have seen the tow a long distance away, and so a properly watchful person on the tug could have seen the brig, and could have discovered the fact that she was aground, and that her foreyards were backed for the purpose of getting her off. Yet the master of the brig, knowing that there were no means of controlling her if she went astern as he expected her to do, gave no signal of danger until the tug was near, did not let go his anchor until he saw that the collision was imminent, and did nothing, in fact, looking to the control of his vessel. The master of the tug in turn proceeded to a point of danger, passed near to the stern of the brig, knowing full well that she must come in contact with some part of the tow, and acted with obvious lack of care. For these reasons it is concluded that the injury resulted from mutual negligence of the parties, and a decree must be entered for a division of damages and costs.